UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

IN RE JAMES I. WYNN, SR.,                                          ORDER

                              Debtor                                     17-CV-6547L

_____

       The appellant debtor, appearing *pro se*, appeals from an order by the Bankruptcy Court (Warren, J.) dated July 27, 2017, which converted his pending Bankruptcy case (#2-13-20304, Dkt. #285) from a Chapter 13 proceeding to a Chapter 7 proceeding. (Dkt. #14 at 13).

       On August 8, 2017, appellant filed a Notice of Appeal with the Bankruptcy Court, which was docketed in this Court on August 9, 2017 (Dkt. #1). Per Rule 8009(a) (formerly designated as Rule 8006) of the Federal Rules of Bankruptcy Procedure, the appellant was required to file a designation of items to be included in the record and a statement of the issues presented within fourteen days thereafter. Fed. R. Bankr. Proc. 8009(a).

       Appellant did not timely file a record designation or statement of issues presented. On September 28, 2017, appellant moved (Dkt. #6) for an extension of time to compile the record and file a brief. The Court granted that request (Dkt. #7) on October 6, 2017, and ordered that appellant designate the record on appeal and file his brief within thirty days – on or before November 5, 2017.

       On or about October 10, 2017, the appellant filed a second Notice of Appeal, and requested that it be combined with the first. (Dkt. #8). The Court granted that request on October 24, 2017, and reminded the appellant that "he must comply with the Bankruptcy Rules and Procedures for

filing the Record on Appeal and Debtor's Brief, as referenced in this Court's [October 6, 2017] Order." (Dkt. #9).

To date, appellant has failed to file a designation of the record on appeal and statement of issues, or an opening brief, and has taken no other action to perfect his appeal.[1]

It is well settled that federal courts are vested with the authority to dismiss a bankruptcy appellant's claims for failure to prosecute, *sua sponte*. See e.g., *Livecchi v. Gordon*, 2013 U.S. Dist. LEXIS 159724 (W.D.N.Y. 2013); *Frumusa v. Frumusa*, 2010 U.S. Dist. LEXIS 34921 (W.D.N.Y. 2010); *Bristol v. Ackerman*, 2010 U.S. Dist. LEXIS 27647 (E.D.N.Y. 2010); *Babcock v. Philp*, 2008 U.S. Dist. LEXIS 88329 (E.D.N.Y. 2008). Failure to timely perfect an appeal has been held to be inexcusable, where the appellant provides no explanation for the failure after several months. See e.g., *In re Tampa Chain Co.*, 835 F.2d 54, 55 (2d Cir. 1987); *Livecchi*, 2013 U.S. Dist. LEXIS 159724 at *2; *Frumusa*, 2010 U.S. Dist. LEXIS 34921 at *4-*5.

The appellant has offered no explanation or excuse for his failure to timely perfect his appeal, despite having already obtained (and exhausted) one extension of time to do so. Nonetheless, in deference to the appellant's pro se status and recognizing that defects in timely filing of record designations and briefs are not jurisdictional, the Court will grant, *sua sponte*, one additional extension of time for the appellant to perfect the appeal. Appellant is warned that failure to timely perfect the appeal in accordance with the deadlines set forth below may result in

---

[1] Appellant has filed additional papers since the Court's October 24, 2017 Order, including a Notice of Interlocutory Appeal to the Second Circuit (Dkt. #10) purporting to appeal this Court's decisions which *granted* the appellant's own motions for an extension of time and to combine the two Notices of Appeal, correspondence asking the District Court to forward various items to the Second Circuit (Dkt. #11, #13), and a motion to stay the underlying Bankruptcy proceedings in order to allow the appellant more time to sell certain properties (Dkt. #14). None of these items satisfies the appellant's duty to perfect his appeal, explains his failure to do so, or includes a request for more time to comply with his obligations to file a designation of record or a brief.

dismissal of the appeal for failure to prosecute, and/or an affirmance of the decision appealed-from, without any further input from the appellant.

## CONCLUSION

Debtor/Appellant, James I. Wynn, Sr., is directed to perfect his appeal within twenty (20) days of entry of this Order. This includes designating the Record on Appeal, providing transcripts of court proceedings, and filing a brief, in conformance with Rules 8009, 8010, 8014 and 8015 of the Federal Rules of Bankruptcy Procedure. **Failure to do so within the allotted time could result in dismissal of the appeal and affirmance of United States Bankruptcy Judge Paul R. Warren's July 27, 2017 Decision and Order converting appellant's Chapter 13 proceeding to a Chapter 7 proceeding.**

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 2, 2018.