UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

IN RE JAMES I. WYNN, SR.,                          <u>DECISION AND ORDER</u>

                        Debtor.                    17-CV-6547L

_____

On February 15, 2018, the Court issued a Decision and Order dismissing the appellant debtor's appeal, on the grounds that the appellant had failed to prosecute the appeal despite multiple warnings from the Court. The Court further determined that in any event, the decision appealed-from was a sound exercise of the Bankruptcy Court's discretion. (Dkt. #31).

The appellant has since filed a number of motions. The first seeks reconsideration of the Court's February 15, 2018 Decision and Order (Dkt. #50). In addition, the appellant has filed several motions for miscellaneous relief, including two motions seeking sanctions and recalculation of certain property taxes, based on an alleged criminal "tax scam" by which Monroe County and other parties have conspired to defraud the appellant in matters related to his Bankruptcy action (Dkt. ##38, #44), a motion for sanctions accusing various participants in the underlying Bankruptcy action of conspiring against the appellant due to his race (Dkt. #39), and a motion seeking appointment of counsel (Dkt. #46).

Motions for reconsideration are "generally not favored and [are] properly granted only upon a showing of exceptional circumstances." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004). Accordingly, "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255,

257 (2d Cir. 1995). Furthermore, "a motion for reconsideration may not be used . . . as a vehicle for relitigating issues already decided by the Court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001). The determination of whether to grant or deny a motion for reconsideration lies squarely within the discretion of the district court. *Campos v. Zuntag*, 2016 U.S. Dist. LEXIS 48086 at *3 (E.D.N.Y. 2016).

Appellant's motion for reconsideration does not substantively attack the Court's February 15, 2018 Decision and Order, nor does it identify any erroneous application of fact or law. Rather, the motion for reconsideration reargues the merits of the underlying Bankruptcy proceeding, and seeks the Court's recusal based on speculative allegations of bias. The motion for reconsideration (Dkt. #50) is accordingly denied.

The appellant's other pending motions, seeking the appointment of counsel (Dkt. #46) and objecting to various conduct and rulings in the underlying Bankruptcy (Dkt. #38, #39, and #44) – all of which are entirely unrelated to the decision appealed-from and thus entirely irrelevant to the instant appeal – are denied as moot.

This appeal has been dismissed in its entirety, with prejudice (Dkt. #31) and all motions have now been resolved. The Clerk is directed to close the case.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        April 19, 2018.